```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

KIMBERLY SMOOT

       Plaintiff,

v.                                    Civil Action No. 2:13-10148

C.O. DANIEL GREEN,
individually and in his
official capacity as a
correctional officer of The West Virginia Regional Jail
and Correctional Facility Authority, and
STEVEN CROOK, individually and in his official
capacity as Administrator of South
Central Regional Jail, and
LT. CRAIG ADKINS, individually and in his
official capacity as chief correctional
officer of South Central Regional Jail, and
THE WEST VIRGINIA REGIONAL JAIL
AND CORRECTIONAL FACILITY AUTHORITY,
an agency of the State of West Virginia, and
JOHN DOE unknown person or persons

       Defendants.


## MEMORANDUM OPINION AND ORDER

       Pending are the motion to dismiss filed September 6, 2013, by The West Virginia Regional Jail and Correctional Facility Authority ("WVRJA"), Steven Crook, who is the Administrator of the South Central Regional Jail ("SCRJ"), and SCRJ Chief Correctional Officer Lt. Craig Adkins, collectively referred to as the "agency and supervisory defendants," and defendant Daniel Green's motion to dismiss, filed September 18, 2013.

I.

In her original, March 21, 2013, complaint filed in the Circuit Court of Kanawha County, Ms. Smoot alleged generally that defendant former Correctional Officer Daniel Green victimized her with sexual harassment, abuse, and exploitation during a period of her incarceration. Ms. Smoot additionally alleged that Administrator Crook and Lt. Adkins have, along with others, conspired to conceal a pattern of sexual misconduct at the SCRJ. She also asserts claims against WVRJA, which she concedes is a state agency responsible for operating the SCRJ.

The March 21, 2013, complaint specifically alleged claims for (1) violation of her rights under, <u>inter alia</u>, the Eighth, Ninth, and Fourteenth Amendments, along with claims under the West Virginia Constitution, (2) various negligence theories, and (3) assorted intentional tort theories. In granting without prejudice the motion to dismiss directed at the original pleading, the court observed, <u>inter alia</u>, as follows in an August 8, 2013, memorandum opinion and order:

> A conservative analysis of the pleading reveals that it attempts to assert over 26 federal and state constitutional and state statutory and common law claims. Virtually all of those claims are simply labels without an accompanying recitation of their necessary elements.
>
>     . . . .

> Virtually all of the dozens of claims mentioned in the complaint lack the corresponding elements of proof, much less the accompanying factual allegations that would give rise to plausible claims for relief.

(Memo. Op. and Ord. at 2, 8).

In light of these pleading infirmities, the August 8, 2013, memorandum opinion and order additionally provided as follows:

> These allegations state cognizable claims against the alleged perpetrator, Correctional Officer Green. They fall well short under Twombly and Iqbal as to the many claims alleged against the . . . [supervisory and agency] defendants. It is, accordingly, ORDERED that the motion to dismiss be, and hereby is, granted, without prejudice, and with leave to Ms. Smoot for filing an amended pleading that provides the necessary factual and legal detail required by Twombly and Iqbal respecting the claims against the moving defendants. She is also encouraged to account as well for those additional grounds for dismissal presently offered by the moving defendants that are supported by controlling precedent and to forego those claims that are not seriously presented.

(Memo. Op. and Ord. at 9).

On August 23, 2013, Ms. Smoot filed her amended complaint. The court has compared the original and amended pleadings. That comparison reflects the addition of more detailed allegations respecting defendant Green. With respect to the agency and supervisory defendants, the new allegations include the following, lengthy recitation found in paragraph 4:

> Over the course of the last three (3) years, there has

existed a continuing practice and pattern of sexual harassment, sexual abuse, sexual assault and rape visited upon female inmates at the hands no less than seven (7) SCRJ correctional officers, including Defendant Green. These sexual abuses/sexual misconduct range in various forms. The varying degrees of alleged abuses/sexual misconduct are as follows:

a. There are occasions when SCRJ officers allegedly spoke in a sexually graphic manner to female inmates.

b. There are occasions when SCRJ officers allegedly ordered two female inmates to engage in sexual intercourse to satisfy that officer's prurient interests.

c. There are occasions when SCRJ officers have allegedly groped and fondled female inmates in a sexually abusive manner including, but not limited to, inserting fingers into female inmates' sexual organs and having female inmates grope and fondle the officers' genitals.

d. There are occasions when SCRJ officers have allegedly received oral and vaginal sex from female inmates.

Any and all of the above-referenced sexual misconduct is in contradiction to the policies and provisions of Defendant WVRJA and the laws of the State of West Virginia. Considering the severity of these allegations as well as the frequency of such conduct, this practice could not continue to occur without the tacit approval of Defendant WVRJA and the supervisory staff of Defendant WVRJA employed at both its headquarters and at SCRJ including, but not limited to, Defendants SCRJ Administrator Steven Crook (Crook) and SCRJ Chief Correctional Officer Lt. Craig Adkins (Adkins). Further, due to the amount of allegations, the lack of punishment of many of the perpetrators, as well as high-ranking WVRJA agents/employees failing to report such sexual misconduct to outside law enforcement agency/agencies, a conspiracy to conceal such sexual misconduct has occurred, is ongoing and involves various SCRJ personnel, including Crook and Adkins, as well as unknown individuals who were employed by the Defendant

> WVRJA. These unknown individuals are collectively identified herein as "Defendant Doe." This alleged conspiracy carries over into many of the cases litigated throughout the State of West Virginia. Specifically, there are several known occasions when Defendant WVRJA and its agents/employees failed to provide plaintiffs pertinent, relevant documents and tangible items in the discovery phase. In several civil actions, many of these non-disclosed documents and tangible items would validate many plaintiffs' allegations. The concealment of such documents furthers the conspiracy of all Defendants as these Defendants are cognizant that counsel for various plaintiffs would likely disclose the same to law enforcement, both state and federal, which could result in criminal charges and tarnish the reputation of Defendant WVRJA.

(Am. Compl. ¶ 4). Further, Ms. Smoot repeats her allegation in the original complaint that Mr. Crook and Lieutenant Adkins "acted as . . . lookout[s]" and "served as . . . accessor[ies] before and after the fact . . . with regard to the sexual misconduct of Defendant Green." (Id. ¶ 6).

On September 6, 2013, the WVRJA, Mr. Crook, and Lieutenant Adkins moved to dismiss the amended complaint. They assert that the amended complaint is insufficient on the following grounds: (1) the allegations fail to state a claim under Federal Rule of Civil Procedure 8, (2) the section 1983 claims against the WVRJA are non-actionable, (3) the damage claims against Crook and Adkins pursuant to Article III of the West Virginia Constitution are non-actionable, and (4) no claim is stated against the WVRJA for a conspiracy.

5

## II.

### A.  Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B.   The Agency and Supervisory Defendants' Motion to Dismiss

1. Pleading Defects

The agency and supervisory defendants first assert that Ms. Smoot has not pled that they knew of the alleged conduct by defendant Green, much less that they were deliberately indifferent to it.  The combined references to Mr. Crook and Lieutenant Adkins serving as lookouts, the frequency of the misconduct, the lack of punishment for the perpetrators, the failure to report the matters to outside law enforcement, and a further alleged conspiracy to hide the misconduct, along

7

with the asserted concealment of documents, suffice at this juncture to plead knowledge.

Next, the agency and supervisory defendants assert that Ms. Smoot has inadequately pled an Eighth Amendment deliberate indifference claim.[1]  In particular, they repeat the assertion that she "fails to describe circumstances that could support an inference that Defendants Crook or Adkins had actual knowledge of the alleged misconduct by Green towards" her. (Memo. in Supp. at 11).  As noted, the allegations read in the light most favorable to Ms. Smoot, and crediting her with all reasonable inferences, sufficiently plead actual knowledge of a substantial risk of serious harm.

The same is true of the agency and supervisory defendants' assertion that the amended complaint lacks "allegations that could support a finding that the WVRJCFA, Crook or Adkins breached any duty to the Plaintiff giving rise to liability because there is no description of what is allegedly inadequate in the hiring, training, retention or

---

[1] In one summary paragraph the agency and supervisory defendants provide a laundry listing of Ms. Smoot's claims and then state that the amended complaint provides "no factual description of any conduct that could meet the elements of any of these claims."  (Memo. in Supp. at 10).  In view of the absence of further development by the defendants of their conclusory observation, the court does not deem the argument to be fairly raised.

8

supervision of any officer, Green in particular." (Memo. in Supp. at 11). The court concludes that the claims alleged are sufficient from a particularity standpoint at the motion to dismiss stage. Whether discovery supports them is another matter and one which will await the summary judgment stage of the case.

### 2. Section 1983 Claim Against the WVRJA

The agency, in the opening brief, and the supervisory defendants in the reply brief, challenge the Section 1983 claim inasmuch as the WVRJA and its officers and agents are arms and instrumentalities of the state and thus not "persons" within the meaning of Section 1983. While the Supreme Court treats municipalities as suable "persons" under Section 1983, state departments and agencies, and state officers and agents in their official capacities sued for damages, are considered to be "arm[s] of the state" and are not deemed "persons." Compare Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), with Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), and Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)); see also Roach v. West Virginia Reg. Jail and Correc. Facil. Auth., 74 F.3d 46, 48 (4th Cir. 1996) ("The parties do not dispute that the [WV]RJA, a

9

state agency, is in fact an "arm of the state" and that the Eleventh Amendment bars this action against the RJA in federal court.").

Based upon this settled authority, the WVRJA, and the supervisory defendants in their official capacities to the extent damages are sought against them, are entitled to dismissal of the Section 1983 claim, which encompasses the entirety of the federal constitutional claims alleged by Ms. Smoot.

### 3. West Virginia Constitutional Claims

Ms. Smoot alleges various claims against Mr. Crook and Lieutenant Adkins under the West Virginia Constitution. The WVRJA and the supervisory defendants assert that Article III of the West Virginia Constitution does not give rise to claims for money damages against them. They are correct. In <u>Harrah v. Leverette</u>, 165 W. Va. 665, 271 S.E.2d 322 (1980), the Supreme Court of Appeals of West Virginia observed as follows:

> 4. A person brutalized by state agents while in jail or prison may be entitled to:
>
> (a) A reduction in the extent of his confinement or his time of confinement;
>
> (b) Injunctive relief, and subsequent enforcement by contempt proceedings . . .;

10

>    (c) A federal cause of action authorized by 42 U.S.C.
>    s 1983; and
>
>    (d) A civil action in tort.

Syl. Pt. 4, Harrah v. Leverette, 165 W. Va. 665, 666, 271 S.E.2d 322, 324 (1980).

Inasmuch as the decision in Harrah does not contemplate a damages award for Article III violations in this setting, it is ORDERED that, to the extent the claims under Article III seek monetary relief, they be, and hereby are, dismissed.[2]

---

[2] The court is aware of Ms. Smoot's assertion that the "Amended Complaint does not contain allegations against Defendant WVRJA under the United States Constitution and the West Virginia Constitution." (Pl.'s Resp. at 5). Inasmuch as the amended complaint might be read otherwise, the court has addressed the agency and supervisory defendants' arguments on the points nevertheless.

The moving defendants additionally assert that the conspiracy allegations do not give rise to a claim for relief and that such claim, in any event, is not properly alleged against the WVRJA. The allegations set forth supra suggest a colorable civil conspiracy theory, which may, in turn, provide a claim against parties who did not actually perpetrate the alleged abuse. Syl. pt. 9, O'Dell v. Stegall, 226 W. Va. 590, 598, 703 S.E.2d 561, 569 (2010) (Syl. Pts. 9, Dunn v. Rockwell, 225 W. Va. 43, 689 S.E.2d 255 (2009) ("'A civil conspiracy is not a per se, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s).''). Inasmuch as other actionable claims are alleged against the WVRJA, the court does not at this time address the limits of the civil conspiracy theory as to the state agency.

11

C.  Defendant Green's Motion to Dismiss for Failure of Timely Service

As noted, on March 21, 2013, the original complaint was filed in the Circuit Court of Kanawha County. On May 3, 2013, the action was removed. Defendant Green asserts that he is entitled to dismissal based upon the failure to timely serve him. Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Prior to removal, Ms. Smoot attempted service upon defendant Green at the SCRJ by certified letter. The attempted delivery was returned when defendant Green was not found. Following the filing on August 23, 2013, of the amended complaint, Ms. Smoot has not yet served defendant Green. The explanation for that service failure is found in Ms. Smoot's response brief:

> On March 28, 2013, Defendants Crook and Adkins [and Green] were served with their respective Summons and Complaint at SCRJ. Plaintiff's counsel's office contacted the Kanawha County Sheriff's office shortly thereafter and was informed that all individual

12

> Defendants had been served. However, when Plaintiff's counsel recently requested the documents related to service from the Kanawha County Circuit Court Clerk, he determined that Defendant Green had not been served. Plaintiff's counsel has since learned that Defendant Green was terminated from his employ with Defendant West Virginia Regional Jail and Correctional Facility Authority.
>
> To that end, Defendant Green is correct in his assertion that Plaintiff has not perfected service of the Summons and Complaint on him. However, as Defendant Green has been provided counsel and has made an appearance, Plaintiff respectfully requests that his counsel accept service on his behalf in the interests of judicial economy. In the alternative, Plaintiff requests a thirty (30) day extension to properly serve the Summons and Complaint on Defendant Green.

(Pl.'s Resp. at 1-2). Defendant Green notes, <u>inter alia</u>, that the returned summons was filed with the Circuit Court of Kanawha County indicating that defendant Green was "not found" and that he was "no longer employed at SCRJ," apparently having been terminated following his arrest on certain charges. (Ex. A, Def.'s Reply). This returned summons is also referenced on one line of the docket sheet attached to the notice of removal, which likewise was served upon Ms. Smoot's counsel.

In <u>Mendez v. Elliot</u>, 45 F.3d 75, 79 (4th Cir. 1995), our court of appeals observed that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, . . . [it] must be dismissed absent a showing of good cause." <u>Id.</u> The court concludes that Ms. Smoot has demonstrated good cause

13

for an extension in light of the mistaken information provided to her counsel by the Kanawha County Sheriff's office.  She was entitled to rely on that information as accurate.  The exercise of consummate diligence would have included examining the record in the circuit clerk's office.  The failure to do the latter, however, does not vitiate the force of the former.

It is, accordingly, ORDERED that defendant Green's motion to dismiss be, and hereby is, denied.  Pursuant to Rule 4(m), it is further ORDERED that Ms. Smoot be, and hereby is, granted until November 29, 2013, to perfect service upon defendant Green.

**III.**

**Based upon the foregoing discussion, it is ORDERED as follows:**

1. **That the agency and supervisory defendants' motion to dismiss be, and hereby is, granted to the extent that the Article III damage claims are dismissed, along with the Section 1983 claims pled against the WVRJA and the supervisory defendants in their official capacities, to the extent damages are sought against those two supervisory defendants, and otherwise denied;**

2. **That defendant Green's motion to dismiss be, and hereby is, denied; and**

3. **That Ms. Smoot be, and hereby is, granted until November 29, 2013, to perfect service upon defendant Green.**

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

DATED: November 1, 2013

_____
John T. Copenhaver, Jr.
United States District Judge

16